

FILED
MAY 22 2009
EA...
BY
...COURT
...OF CALIFORNIA
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JURIN CONSTRUCTION, INC.; RONALD R. JURIN; and WENDY M. JURIN<br><br>Defendants. | CASE NO. 2:09-cv-1275<br><br>**TEMPORARY PROTECTIVE ORDER** |

Plaintiff First National Insurance Company of America's ("FNICA") motion for Temporary Protective Orders against Jurin Construction, Inc., Ronald R. Jurin, and Wendy M. Jurin was heard on Friday, May 22, 2009 at 11:30 a.m.

In its checklist accompanying the Motion for a Temporary Restraining Order, plaintiff identified Bartley S. Flaherty, Esq. of Wells, Small, Fleharty & Weil ALC as counsel for defendants. Plaintiff represented that it left a voicemail for counsel the day before filing the motion and confirmed the voicemail with a letter transmitted by facsimile on the day the motion was filed. On May 20, 2009, plaintiff mailed notice of the pending motion to defendants at their

-1-
TEMPORARY PROTECTIVE ORDER

residence, notified them by telephone of the pending motion, and transmitted by e-mail all filings relating to the pending motion. As such, plaintiff engaged in sufficient efforts to notify defendants of the motion for a temporary protective order.

Subsequently, on May 21, 2009, Bartley S. Flaherty, Esq.'s assistant informed the court that counsel did not represent defendants in this matter. However, the communication also provided that defendants had advised counsel they requested a continuance in the matter until on or after Tuesday, May 26, 2009. While the communication by unretained counsel does not constitute an appearance nor a properly filed motion or request for a continuance, it appears that defendants had actual notice of the pending motion for a protective order and hearing on the motion. However, defendants failed to file an opposition or otherwise appear at the hearing.

Upon full consideration of the moving and responding papers, all evidence, and the written and oral arguments presented at the hearing, and good cause appearing:

**THE COURT FINDS:**

1. Defendant Jurin Construction, Inc. is a corporation.

2. Defendant Ronald R. Jurin is a natural person.

3. Defendant Wendy M. Jurin is a natural person.

4. The amount sought to be secured by the attachment under the applications for the right to attach is $2,334,012.43.

5. The claim upon which the application for attachment is based is one upon which an attachment may be issued.

6. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.

7. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.

8. Great or irreparable injury will result to the plaintiff if a temporary protective order is not issued, on the basis that there is a danger that the property sought to be attached would be (a) concealed, (b) substantially impaired in value; and (c) made unavailable to levy by other than concealment or substantial impairment in value.

9. The requirements of Code of Civil Procedure section 485.220 are satisfied in order for issuance of a temporary protective order.

10. Plaintiff must file undertakings in the amount of $10,000 before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.

11. The property subject to the following order is: (a) All property and assets of Jurin Construction, Inc., (b) All property and assets of Ronald R. Jurin described in Attachment A hereto, and (c) All property and assets of Wendy M. Jurin described in Attachment B hereto.

## ORDER

Defendants Jurin Construction, Inc., Ronald R. Jurin, and Wendy M. Jurin shall not transfer, directly or indirectly, any interest in the property described in paragraph 11 of the findings.

This order shall expire at the earliest of the following times: (1) when plaintiff levies upon specific property described in this order, or (2) 40 days after the issuance of this order.

**IT IS ORDERED**

Dated May 22, 2009

Judge Frank C. Damrell, Jr.
United States District Court
Eastern District of California

**NOTICE TO DEFENDANTS:**

An undertaking has been filed with the court by plaintiff. You may object to the undertaking.

a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes:
   (1) Payment of any payroll expenses (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.
   (2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.
   (3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.
   (4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in this action.

b. In addition, you may issue any number of checks for any purposes so long as the total amount of such checks does not exceed the greater of the following:
   (1) The amount by which the total amount on deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.
   (2) One thousand dollars ($1,000).

c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

# ATTACHMENT A
## to Temporary Protective Order as to defendant Ronald R. Jurin

(1) Accounts receivable, chattel paper, and general intangibles arising out of the conduct by the defendant of a trade, business, or profession, except any such individual claim with a principal balance of less than one hundred fifty dollars ($150). Cal. Civ. Pro. § 488.470;

(2) Money on the premises where a trade, business, or profession is conducted by the defendant and money in deposit accounts. Cal. Civ. Pro. § 488.535 and Cal. Civ. Pro. § 488.455;

(3) Negotiable documents of title. Cal. Civ. Pro. 488.445;

(4) Instruments. Cal. Civ. Pro. §488.440;

(5) Securities. Cal. Civ. Pro. § 488.450;

(6) Inventory. Cal. Civ. Pro. §488,395;

(7) Final money judgments arising out of the conduct of a trade, business or profession. Cal. Civ. Pro. § 488.480 and Cal. Civ. Pro. § 491.410;

(8) Interests in real property except leasehold estates with unexpired terms of less than one year. Cal. Civ. Pro. § 488.315

(9) Equipment. Cal. Civ. Pro. 488.375 and Cal. Civ. Pro. §488.385;

Including, but not limited to the following vehicles:

| License Plate # | Year | Model |
|---|---|---|
| 8J37954 | 2007 | Dodge, |
| 16H5643 | | Trailer |
| 3N00585 | 1988 | Chevy, |
| 5H05818 | 1996 | Dodge, |
| 6X38836 | | Peterbilt |
| 9A73099 | 1979 | Peterbilt |
| 64B01N | 2001 | Honda |
| 7X58082 | 2005 | Chevy |
| 5TPT130 | 2007 | Cadillac |
| PMZ9 | 2003 | Harley |
| 4RRV796 | 2001 | Chevy |
| 5VBR849 | 2006 | Fleet |
| 5WSV349 | 2007 | Toyota |
| 47B98N | 2005 | Honda |
| 6BMT119 | 2007 | Chevy |
| 4JW7460 | 2008 | PHXTRL |
| 94927d | 1999 | Honda |
| 1VL1274 | 1996 | Broac |
| 1QFA911 | 2007 | WWSTN |
| SE478006 | 2007 | WWSTN |
| CF# 1654PC | 2001 | 1020 |

| | | | |
|---|---|---|---|
| 4HW9252 | 1988 | | Murry |
| 94F67U | 2005 | | Yamaha |
| SE424464 | 2000 | | Wood C |
| 1WB8022 | 1997 | | International |
| 1VNZ538 | 1994 | | Trailer |
| 1UK2273 | 2000 | | Zieman |
| 4PYX187 | 2001 | | Chevy |

(10) Specific Real Property to be Attached

    a.  13173 Tierra Oaks Dr.
Redding, CA 96003
Humboldt Count APN: 007530002000

Legal Description:

LOT 2, TRACT NO. 1496, UNIT 2, TIERRA OAKS SUBDIVISION, A PRIVATE ROAD SUBDIVISION FILED FEBRUARY 11, 1981 IN BOOK 16 OF MAPS AT PAGE 88, SHASTA COUNTY RECORDS

    b.  12305 Lewis Lane
Redding, CA 96003
Shasta County APN: 079-150-004

Legal Description:

THE SOUTH ONE-HALF OF THE NORTHEAST ONE-QUARTER OF SECTION 11, TOWNSHIP 32 NORTH, RANGE 4 WEST, M. D. B. & M.

    c.  130 Flower-McNeil Road
Unincorporated area in Humboldt County, CA
Humboldt County APN: 522-481-16 and 522-201-001

Legal Description

That certain real property situated in the State of California, County of Humboldt, described as follows:

PARCEL ONE

BEGINNING at the Southeast corner of Section 29, Township 7 North, Range 5 East, Humboldt Base and Meridian, according to the Official Plat of said land;

    thence North 89 degrees 31 minutes 52 seconds West along the South line of Section 29, 638.76 feet to the Easterly Right of Way line of State Highway 96, as shown in Book 17 of Maps, Page 42, Humboldt County Records;

    thence North 26 degrees 10 minutes 04 seconds West, along said Right of Way line, 110 feet, more or less, to the centerline of Willow Creek;

    thence Northeasterly along the centerline of Willow Creek to the confluence with the Trinity River at the low water mark of the Trinity River;
    thence Easterly to the intersection of the East line of Section 29 with the centerline of the Trinity River, said intersection being the Northwest corner of that property described in Book 1724, Page 452, Humboldt County Records;
    thence South 0 degrees 4 minutes 55 seconds East, along the East line of Section 29, to the point of beginning,

EXCEPTING THEREFROM that portion granted to John McKay by Deed recorded August 9, 1901 in Book 76 of Deeds, Page 131, Humboldt County records.

ALSO EXCEPTING THEREFROM that portion granted to Catherine Garret by Deed recorded September 10, 1901 in Book 76 of Deeds, Page 236, Humboldt County Records.

A.P. No. 522-481-16

PARCEL TWO

BEGINNING at the Northwest corner of Section 33, Township 7 North, Range 5 East, Humboldt Base and Meridian, according to the Official Plat of said land;
    thence South along said Section line, 128.0 feet;
    thence South 47 degrees East, 118.8 feet;
    thence South 65 degrees East, 467.3 feet;
    thence South 54 degrees East, 235.0 feet;
    thence South 68 degrees East, 277.2 feet;
    thence South 78 degrees East, 127.4 feet;
    thence South 65 degrees East, 226.4 feet;
    thence South 70 degrees East, 183.5 feet;
    thence South 82 degrees East, 252.9 feet;
    thence North 2 degrees 17.7 minutes West, 1143.4 feet;
    thence North 43 degrees 04 minutes West, approximately 650 feet to the corner of the Trinity River;
    thence Westerly along the center of said river to the West line of Section 28, Township 7 North, Range 5 East, Humboldt Base and Meridian;
    thence South along said Section line to the point of beginning.

A.P. No. 522-201-001

PARCEL THREE

ALSO the right to take water from and make improvements on certain springs located approximately 20 feet, more or less, to the Northeast of said property on property held by Maurice A. Flower on April 9, 1953, being the date of the Deed from him to Marian Coffman, recorded April 14, 1953, in Book 246, Page 357, Humboldt County Official Records.

TEMPORARY PROTECTIVE ORDER

# ATTACHMENT B
## to Temporary Protective Order as to defendant Wendy M. Jurin

(1) Accounts receivable, chattel paper, and general intangibles arising out of the conduct by the defendant of a trade, business, or profession, except any such individual claim with a principal balance of less than one hundred fifty dollars ($150). Cal. Civ. Pro. § 488.470;

(2) Money on the premises where a trade, business, or profession is conducted by the defendant and money in deposit accounts. Cal. Civ. Pro. § 488.535 and Cal. Civ. Pro. § 488.455;

(3) Negotiable documents of title. Cal. Civ. Pro. 488.445;

(4) Instruments. Cal. Civ. Pro. §488.440;

(5) Securities. Cal. Civ. Pro. § 488.450;

(6) Inventory. Cal. Civ. Pro. §488,395;

(7) Final money judgments arising out of the conduct of a trade, business or profession. Cal. Civ. Pro. § 488.480 and Cal. Civ. Pro. § 491.410;

(8) Interests in real property except leasehold estates with unexpired terms of less than one year. Cal. Civ. Pro. § 488.315

(9) Equipment. Cal. Civ. Pro. 488.375 and Cal. Civ. Pro. §488.385;

Including, but not limited to the following vehicles:

| License Plate # | Year | Model |
|---|---|---|
| 1GC7423 | 1997 | Tahoe |
| 16H5606 | 2003 | Harley |
| 1654PC | 1986 | IDI020 |
| 4PYX187 | 2001 | Chevy |
| 1JA3022 | | BHM200 |

(10) Specific Real Property to be Attached

    a. 13173 Tierra Oaks Dr.
       Redding, CA 96003
       Humboldt Count APN: 007530002000

    Legal Description:

    LOT 2, TRACT NO. 1496, UNIT 2, TIERRA OAKS SUBDIVISION, A PRIVATE ROAD SUBDIVISION FILED FEBRUARY 11, 1981 IN BOOK 16 OF MAPS AT PAGE 88, SHASTA COUNTY RECORDS

    b. 12305 Lewis Lane
       Redding, CA 96003
       Shasta County APN: 079-150-004

    Legal Description:

    THE SOUTH ONE-HALF OF THE NORTHEAST ONE-QUARTER OF SECTION 11, TOWNSHIP 32 NORTH, RANGE 4 WEST, M. D. B. & M.

    c. 130 Flower-McNeil Road
       Unincorporated area in Humboldt County, CA
       Humboldt County APN: 522-481-16 and 522-201-001

Legal Description

That certain real property situated in the State of California, County of Humboldt, described as follows:

PARCEL ONE

BEGINNING at the Southeast corner of Section 29, Township 7 North, Range 5 East, Humboldt Base and Meridian, according to the Official Plat of said land;

    thence North 89 degrees 31 minutes 52 seconds West along the South line of Section 29, 638.76 feet to the Easterly Right of Way line of State Highway 96, as shown in Book 17 of Maps, Page 42, Humboldt County Records;

    thence North 26 degrees 10 minutes 04 seconds West, along said Right of Way line, 110 feet, more or less, to the centerline of Willow Creek;

    thence Northeasterly along the centerline of Willow Creek to the confluence with the Trinity River at the low water mark of the Trinity River;
    thence Easterly to the intersection of the East line of Section 29 with the centerline of the Trinity River, said intersection being the Northwest corner of that property described in Book 1724, Page 452, Humboldt County Records;
    thence South 0 degrees 4 minutes 55 seconds East, along the East line of Section 29, to the point of beginning,

EXCEPTING THEREFROM that portion granted to John McKay by Deed recorded August 9, 1901 in Book 76 of Deeds, Page 131, Humboldt County records.

ALSO EXCEPTING THEREFROM that portion granted to Catherine Garret by Deed recorded September 10, 1901 in Book 76 of Deeds, Page 236, Humboldt County Records.

A.P. No. 522-481-16

PARCEL TWO

BEGINNING at the Northwest corner of Section 33, Township 7 North, Range 5 East, Humboldt Base and Meridian, according to the Official Plat of said land;
    thence South along said Section line, 128.0 feet;
    thence South 47 degrees East, 118.8 feet;
    thence South 65 degrees East, 467.3 feet;
    thence South 54 degrees East, 235.0 feet;
    thence South 68 degrees East, 277.2 feet;
    thence South 78 degrees East, 127.4 feet;
    thence South 65 degrees East, 226.4 feet;
    thence South 70 degrees East, 183.5 feet;
    thence South 82 degrees East, 252.9 feet;
    thence North 2 degrees 17.7 minutes West, 1143.4 feet;
    thence North 43 degrees 04 minutes West, approximately 650 feet to the corner of the Trinity River;
    thence Westerly along the center of said river to the West line of Section 28, Township 7 North, Range 5 East, Humboldt Base and Meridian;
    thence South along said Section line to the point of beginning.

A.P. No. 522-201-001

PARCEL THREE

ALSO the right to take water from and make improvements on certain springs located approximately 20 feet, more or less, to the Northeast of said property on property held by Maurice A. Flower on April 9, 1953, being the date of the Deed from him to Marian Coffman, recorded April 14, 1953, in Book 246, Page 357, Humboldt County Official Records.