IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIRST NATIONAL INSURANCE
COMPANY OF AMERICA,

      Plaintiff,                      No. CIV S-09-1275 FCD KJM

  vs.

JURIN CONSTRUCTION, INC., et al.,

      Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff's motion for default judgment against defendant Jurin Construction, Inc. was submitted on the papers. Upon review of the documents in support, no opposition having been filed, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon defendant Jurin Construction, Inc. and proof of service was filed June 16, 2009. Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction). The answer of defendant Jurin Construction, Inc. was stricken by order of the District Judge assigned to this action on June 22, 2009. The Clerk of the Court entered defaults against defendant Jurin Construction, Inc. on July 13, 2009. Plaintiff's present motion for entry of default judgment was served by mail on defendant Jurin Construction, Inc. at defendant's last known address.

1    Entry of default effects an admission of all well-pleaded allegations of the
2 complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.
3 1977). Entry of default judgment is proper where, as in the present case, the facts established by
4 the default support the causes of action pled in the complaint. The complaint and the affidavits
5 filed in support of the motion for entry of default judgment also support the finding that plaintiff
6 is entitled to the relief requested in the prayer for default judgment, which does not differ in kind
7 from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 & n.2 (9th Cir.
8 1974). There are no policy considerations to preclude the entry of default judgment of the type
9 requested. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (enumerating factors to
10 be considered). The court will therefore recommend entry of default judgment.
11    Co-defendants Ronald Jurin and Wendy Jurin filed for Chapter 7 bankruptcy
12 protection and the action against these co-defendants has been automatically stayed. The court
13 finds there is no just reason for delay and entry of a partial final judgment under Federal Rule of
14 Civil Procedure 54(b) is appropriate.
15    Accordingly, IT IS HEREBY RECOMMENDED that:
16    1. Plaintiff's motion for entry of default judgment be GRANTED and that
17 judgment be awarded against defendant Jurin Construction, Inc. in the amount of $2,334,012.43,
18 plus attorney's fees and costs of $55,618.56, for a total judgment of $2,389,630.99; and
19    2. There being no just reason for delay, partial final judgment be entered under
20 Federal Rule of Civil Procedure 54(b).
21    These findings and recommendations are submitted to the District Judge assigned
22 to this matter, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being
23 served with these findings and recommendations, any party may file written objections with the
24 court and serve a copy on all parties. Such a document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served
26 and filed within ten days after service of the objections. The parties are advised that failure to

1  file objections within the specified time may waive the right to appeal the District Court's order.

2  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: October 8, 2009.

5  006
   jurin.def

_____
U.S. MAGISTRATE JUDGE